# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 06-60584-CIV-DIMITROULEAS/TORRES

DISABILITY ADVOCATES AND
COUNSELING GROUP, INC. and
STEVEN BROTHER,

                 Plaintiffs,

v.

HAIG & HAIG CONTRACTORS, INC.,

                 Defendant.

_____/

## <u>ORDER</u>

This matter comes before the Court upon Defendant's Motion for Rule 11 Sanctions [D.E. 14], that was referred by the Honorable William P. Dimitrouleas on June 28, 2006 [D.E. 17]. The Court has carefully reviewed the Motion and Memorandum [D.E. 14, 15], Plaintiff's Response [D.E. 19], the Reply [D.E. 20], and the file in this matter. After full consideration, the Motion for Sanctions will be denied.

### *I.   BACKGROUND*

In April of 2006, Plaintiffs filed an action alleging violations of Title III of the Americans With Disabilities Act ("ADA"). Specifically, Plaintiffs alleged that Defendant had discriminated against them by denying them access to, and full and equal enjoyment of the goods, services, facilities of the subject building, and by failing to remove architectural barriers as required by the ADA. Plaintiffs seek injunctive relief including, an order requiring

Defendant to alter the subject building to make it accessible to and useable by individuals with disabilities to the extent required by the ADA.

Early in the case, the Court entered an Order Requiring Certificate of Counsel Regarding Any Prior Filings Under the Americans With Disabilities Act. [D.E. 3]. The Order required Plaintiffs' counsel to file a verified statement reflecting whether or not counsel had conducted a search of case filings in the records of the Clerk of the United States District Court for the Southern District of Florida to ascertain whether or not the Defendant or his property had ever been sued prior to the filing of this suit, for alleged violations for the same, similar, or any alleged violations of the ADA. The Order further required that if there was such prior litigation, counsel should state the present status of that litigation and, if it was disposed of via settlement, the details of the settlement, including any agreement for attorney's fees, costs and expenses, either known to him or ascertainable by him with reasonable inquiry. Additionally, if there had been a prior filing, counsel was required to state whether or not the Defendant had complied with the settlement and, if not, what remained to be done under the prior litigation. Finally, the Order required counsel to state what efforts were made by the Plaintiff and Defendant to enforce the terms of any settlement in any prior litigation.

In response to the Order, Plaintiffs' counsel filed a Certificate of Counsel Regarding Prior Filings Under Americans With Disabilities Act (the "Original Certificate"). [D.E. 4]. The Original Certificate indicated that two prior actions had been brought against the Defendant regarding the same property and that three total actions had been brought against the Defendant for violations of the ADA: *Advocates for the Disabled, Inc., et al. v. Haig & Haig contractors, Inc.*, Case No. 99-6749-Civ-Moreno (the "Moreno action"), *Advocates for*

2

*the Disabled, Inc., et al. v. Haig & Haig contractors, Inc.*, Case No. 00-7688-Civ-Roettger (the "Roettger action"), and *Access for the Disabled, Inc., et al. v. Haig & Haig Contractors, Inc.*, Case No. 01-6772-Civ-Dimitrouleas (the "third action"). The Original Certificate stated that a stipulation of settlement was filed in the Moreno action and that the case was dismissed. Plaintiff's counsel also indicated that, due to the fact that the documents were not available on the PACER system, he was uncertain whether the case was dismissed with prejudice and whether Judge Moreno retained jurisdiction over the matter. The Original Certificate added that the Roettger action was voluntarily dismissed, but that the Court docket did not reflect whether a settlement had been reached in the action. Finally, the Original Certificate stated that the third action was dismissed at an early stage, due to plaintiff's failure to prosecute.

After the Original Certificate was filed, counsel for the Defendant, Linda Ehrlich ("Attorney Ehrlich"), apparently contacted counsel for Plaintiff, William Charouhis ("Attorney Charouhis") to explain that she had also represented the Defendant in the Moreno action and Roettger action. Attorney Ehrlich advised Attorney Charouhis that a settlement had been reached in the Moreno action, involving the same premises that are the subject of this lawsuit, and that Judge Moreno had retained jurisdiction to enforce the settlement agreement reached by the parties. Attorney Ehrlich also advised that the Original Certificate contained false statements and requested that Attorney Charouhis dismiss the action. [D.E. 15 at 3]. When Attorney Charouhis refused to dismiss the action, Attorney Ehrlich served him with a Motion for Rule 11 Sanctions, which is now before the Court.

In response the Motion for Rule 11 Sanctions, Attorney Charouhis requested information regarding the prior lawsuits and later filed an Amended Certificate of Counsel

3

Regarding Prior Filings Under the Americans With Disabilities Act ("Amended Certificate").
[D.E. 9].  The Amended Certificate clarified that before filing the action he "conducted a
search through PACER of case filings" and that his efforts "did not consist of an actual review
of the Court files."  *Id.*  The Amended Certificate also stated that since the filing of the
Original Certificate, Plaintiffs' counsel had been provided with additional information and
documentation from Defendant's counsel which clarifies information about the prior lawsuits
against Defendant.  *Id.*  The Amended Certificate then provides certain information regarding
the settlement of the Moreno action and attaches as exhibits the Stipulation of Settlement,
Agreement for Fees and Costs, and Order of Dismissal entered in that case.  The Amended
Certificate further indicates Plaintiffs' belief that the Stipulation for Settlement had not been
complied with in all respects in the Moreno action and cites an example of non-compliance.
*Id.*

The Amended Certificate also clarified that, according to Defendant's counsel, the
Roettger action was not related to the subject premises, but that a settlement was reached in
that action.  Further, the Amended Certificate addressed the third action that was filed against
Defendant.  Plaintiff's counsel stated that although PACER indicated that the third action was
also an ADA matter, "it is not known whether the third action related to the property which is
the subject of this action or another parcel of property allegedly owned by the Defendant."  *Id.*
The Amended Certificate also added that, according to Defendant's counsel, Defendant was
never served with the third action and was unaware of the existence of the action until
receiving the Original Certificate.  Finally, the Amended Certificate adds that Defendant's
counsel in the Moreno action and Roettger action is the same as in the instant matter and

4

provides the address, telephone number, e-mail address, and Florida Bar number for Attorney Ehrlich.

Notwithstanding the fact that Plaintiffs filed the Amended Certificate, Defendant filed its Motion for Rule 11 Sanctions.  The Motion for Sanctions cites three chief complaints regarding Plaintiff's filing of the Original Certificate.  First, Defendant asserts that Attorney Charouhis failed to properly search the case filings in the records of the Clerk of the United States District Court for the Southern District of Florida.  In this regard, Defendant argues that Attorney Charouhis was required to view the Clerk's "paper files" in order to ascertain the information requested and that merely viewing PACER (where, due to the age of the cases, documents were unavailable) was not sufficient.  Defendant argues that Attorney Charouhis's failure to review the paper files is evidence that he did not make a reasonable inquiry regarding prior litigation.

Second, Defendant asserts that Attorney Charouhis's omission of the fact that Defendant was represented by counsel in the prior litigation, coupled with Charouhis's failure to try and contact Defendant's counsel, constitutes a misrepresentation to the Court. Defendant contends that a "reasonable inquiry" would have required Charouhis to communicate with Defendant's counsel in the prior litigation in order to ascertain the information required by the Court's Order.  Defendant claims that, had Attorney Charouhis contacted her (as counsel in two of the prior actions), he would have been able to furnish the Court with specific details of the prior settlements.

Finally, Defendant claims that Attorney Charouhis falsely stated to the Court that he had searched the Clerk's records and that the searches indicated that two prior actions had

5

been brought against the Defendant regarding the same property.  Defendant asserts that this statement has no support and that there was only one lawsuit that was previously served on Defendant which addressed the same property as in the instant matter.  Overall, Defendant urges that Attorney Charouhis did not make the required "inquiry reasonable under the circumstances" prior to filing the Original Certificate.  Due to the alleged false statements to the Court, Defendant seeks various sanctions under Rule 11, including an order of dismissal.

Attorney Charouhis' response to the Motion for Sanctions argues that there were no Rule 11 violations in the Original Certificate, that Defendant is attempting to improperly use Rule 11, and that even assuming there were violations in the Original Certificate, those violations were "appropriately corrected" by Plaintiffs' Amended Certificate.  First, Attorney Charouhis argues that the Original Certificate does not reflect any intentional misrepresentations nor would he have had the incentive to present any.  Counsel further argues that Defendant, in an attempt to obtain sanctions, implied requirements in the certificate of counsel that were not in the Court's Order (i.e., reviewing the Clerk's paper files).  Next, Attorney Charouhis claims that Defendant's counsel is using Rule 11 to extort a dismissal of the action, which is an improper use of the Rule.  Finally, Attorney Charouhis asserts that because he filed an Amended Certificate to address some of Defendant's concerns with the Original Certificate he should be deemed to have appropriately corrected the filing within in the "safe harbor" period provided by Rule 11.

The Court has carefully considered the parties' arguments as well as the court file. The Motion for Rule 11 Sanctions is now ripe for the Court's disposition.

## II.   ANALYSIS

Defendant seeks sanctions against Attorney Charouhis pursuant to Rule 11 of the

Federal Rules of Civil Procedure for Charouhis' filing of the Original Certificate [D.E. 4, 14].

Defendant  argues that the Attorney Charouhis failed to make a reasonable inquiry regarding

the prior ADA lawsuits filed against Defendant and that the Original Certificate contains

various false statements and/or omissions of fact.

Rule 11 allows a court to impose "appropriate sanctions," after notice and a reasonable

opportunity to respond, when a party presents to the court a pleading, written motion or other

paper that is not based in fact, is not legally tenable, or is submitted in bad faith for an

improper purpose.  Fed. R. Civ. P. 11(c); *see also Riccard v. Prudential Ins. Co.*, 307 F.3d

1277, 1294 (11th Cir. 2002).  Thus, under Rule 11, a court has the discretion to award

sanctions where a party or attorney has signed and filed a pleading that (1) has no reasonable

factual basis; (2) is based on a legal theory that has no reasonable chance of success and that

cannot be advanced as a reasonable argument to change existing law; or (3) is filed in bad faith

for an improper purpose.  *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir.

2003) (citations omitted); *see* Fed. R. Civ. P. 11(b).

The Eleventh Circuit has developed a two-step inquiry for Rule 11 sanctions that

examines (1) whether the claims are objectively frivolous, and (2) whether the person who

signed the pleadings should have been aware that the claims were frivolous.  *See Baker v.

Alderman*, 158 F.3d 516, 524 (11th Cir. 1998).  The first prong of this inquiry is an objective

standard for assessing conduct, which takes into account the "reasonableness under the

circumstances" and "what was reasonable to believe at the time" the representation to the

7

Court was made.  *Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1331 (11th Cir. 1992);

*Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987).  Rule 11 imposes an obligation to

"make a reasonable inquiry into both the legal and factual basis of a claim . . . ."  *Worldwide*

*Primates, Inc. v. McGreal*, 87 F.3d 1252, 1255 (11th Cir. 1996).  Courts determine whether a

reasonable attorney in like circumstances could believe his actions were factually and legally

justified.  *Kaplan v. Daimlerchrysler*, 331 F.3d 1241, 1255 (11th Cir. 2003).

        In this case, it appears that the argument advanced by Defendant is that the Original

Certificate violates Rule 11 because it falls either into the first or third prong of the test

announced by the Eleventh Circuit (i.e., that it had no reasonable factual basis or that it was

filed in bad faith for an improper purpose).  The central question is whether filing the Original

Certificate was reasonable under the circumstances.  To make such a determination, it is

necessary to look back at the Order Requiring Certificate of Counsel Regarding Any Prior

Filings Under the Americans With Disabilities Act (the "Order").  The Order first asked

whether or not counsel had conducted a search of the case filings.  In the Original Certificate,

Attorney Charouhis certified that he had conducted such a search.

        Defendant claims that Plaintiff was required to search the "paper files" of the Clerk of

the Court prior to filing the certificate.  The Court finds that this was not necessarily so.

Nowhere in the Order does it state that a review of the paper files was necessary, and a

reasonable attorney in like circumstances could believe that no such search was required by the

Order.  Although a search of the paper files would certainly yield a more complete certificate,

the undersigned will not impose an after-the-fact requirement upon Attorney Charouhis that

was not in the Order.  Furthermore, the Original Certificate specifically noted that certain

documents (such as the stipulation of settlement) were not available on PACER.  This statement made it clear to the Court and opposing counsel that Attorney Charouhis had not reviewed the Clerk's "paper files."  In this regard, there was no direct misrepresentation that Attorney Charouhis made a more thorough review of the Clerk's files than he actually did.

Next, the Order required that if there had been prior litigation, what the present status of the litigation, including any details of the disposition (i.e., settlement, dismissal, etc.). Attorney Charouhis listed three cases in his Original Certificate: the Moreno action, the Roettger action and the third action.  A cursory discussion of each case was included in the Original Certificate including, whether the case was settled or dismissed.  Attorney Charouhis also noted that two prior actions had been brought against Defendant regarding the same property.  Defendant argues that this statement is a misrepresentation and that, in fact, there was only one prior lawsuit involving the subject property.  Specifically, Defendant stated that "Charouhis had nothing upon which to base this statement other than his imagination, and this verified statement to the Court is also false." [D.E. 14 at 4].  However, in the Court's review of this matter, it found that there were in fact two prior lawsuits regarding the subject property: the Moreno action and the third action.  Although the Court docket reveals that Defendant was never *served* in the third matter, that does not change the fact that the lawsuit was filed.  In this regard, Defendant's argument that this "false" statement serves as grounds for Rule 11 sanctions is not legally sufficient.

Finally, the Order required details of any prior settlements, including any agreement for attorney's fees, costs and expenses, either known or ascertainable with reasonable inquiry. The Order further requested copies of the documents.  As part of its Motion for Sanctions,

Defendant argues that Charouhis' failure to disclose counsel for the Defendant in his Original Certificate (who was also counsel of record in the Moreno and Roettger actions), amounts to a Rule 11 violation. In response, Attorney Charouhis claims that the Order did not require him to disclose the existence of Defendant's counsel. It is true that the Order did not specifically require Attorney Charouhis to disclose (or contact) Defendant's counsel. However, many of the other requirements surrounding the details of the prior lawsuits perhaps could have been obtained had Attorney Charouhis contacted Defendant's counsel (whose contact information was listed on PACER). It is admittedly troubling that Attorney Charouhis chose not to make that inquiry and it is a close question whether a reasonable attorney in like circumstances could believe that his actions were factually and legally justified. Certainly, the better course of conduct would have been for Attorney Charouhis to contact Defendant's counsel to obtain the details of the settlement/disposition of the prior actions. However, the undersigned need not resolve the question whether Attorney Charouhis was required to contact counsel for Defendant because, regardless of whether or not he was required to do so, the Court finds that Attorney Charouhis, by filing the Amended Certificate, adequately corrected the Original Certificate.

Indeed, in 1993, Congress amended Federal Rule 11 to provide that a motion for sanctions "shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(1)(A); *see also* Fed R. Civ P. 11 Adv. Committee Notes ("These provisions are intended to provide a type of 'safe harbor' against motions under Rule 11 in that a party

will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion it refuses to withdraw that position . . . ."). Here, Attorney Charouhis in effect withdrew the offending paper by filing the Amended Certificate. *See e.g., Kaplan v. Daimlerchrysler*, 331 F.3d 1241, 1255 (11th Cir. 2003) ("That provision [Rule 11(c)(1)(A)] ordinarily gives a lawyer or litigant 21 days within which to correct or withdraw the challenged submission.").

Defendant argues that filing the Amended Certificate does not protect Attorney Charouhis from Rule 11 sanctions. Defendant asserts that Attorney Charouhis did not take appropriate corrective action and that the Amended Certificate falls short of what is required by Rule 11. [D.E. 20 at 4]. The Court disagrees. The purpose of the "safe harbor" provision is to allow an attorney to withdraw or appropriately correct a filing within the 21 day period of receiving a proposed Rule 11 motion. Although perhaps Attorney Charouhis should have inquired about the details of the prior actions before filing the Original Certificate, he adequately corrected any gaps by filing his Amended Certificate.

For instance, the Amended Certificate makes blatantly obvious that he did not conduct an actual review of the Court's paper files. The Amended Certificate also discloses that since filing the Original Certificate, counsel was provided with additional documentation from Defendant's counsel regarding the prior lawsuits.[1] Finally, and most importantly, the Amended Certificate discloses specific information regarding the settlements of prior lawsuits.

---

[1]     The fact that Defendant's counsel contacted Attorney Charouhis does not strip him of the protection of the "safe harbor" provision of Rule 11. In fact, the Rule contemplates that opposing counsel would notify him of an inaccuracy which would result in a correction or withdrawal of the offending paper.

The Amended Certificate corrects any deficiencies by attaching copies of the Stipulation of Settlement, Agreement for Fees and Costs and Order of Dismissal in the Moreno action which also involved the subject premises. These documents set forth the details of the settlement and the agreement for attorney's fees as required of Attorney Charouhis by the Order. The Amended Certificate further discloses that Attorney Ehrlich was Defendant's counsel in two of the three prior lawsuits and includes her contact information.

Defendant claims that Attorney Charouhis is not entitled to the "safe harbor" protection because he did not candidly acknowledge any improper conduct in filing his Original Certificate. However, the Motion for Sanctions itself recognizes that Attorney Charouhis "admitted" a violation. (*See* Defendant's Motion at p.4, fn 3 "Mr. Charouhis admits to his failure to comply with the Court's Order and his false statements."). The undersigned finds that the filing of the Amended Certificate is itself an admission that additional information was needed to fully respond the Court's Order. The goal of the Order was to require Attorney Charouhis to provide as much information as possible resulting from a reasonable inquiry. Although it took the filing of the Amended Certificate, the Court now has information before it regarding the prior litigation involving the Defendant and more importantly, the subject property. The Court finds that the Amended Certificate qualifies as a proper "correction" under Rule 11. And, because all doubts as to whether Rule 11 has been violated should be resolved in favor of the party who signed the pleading, the Court finds that Attorney Charouhis is not in violation of Rule 11. *See Great Lakes Reinsurance (UK) PLC v. Blue Sea, LLC*, 2006 WL 2471522 (M.D. Fla. 2006).

Overall, upon a review of the record and for the reasons stated fully herein, the Court finds that the conduct of Attorney Charouhis does not rise to the level of warranting a Rule 11 sanction.  Given the absence of compelling evidence of a frivolous pleading, and the fact that Attorney Charouhis filed an Amended Certificate within the "safe harbor" period, the Court cannot objectively find attorney Charouhis' or Plaintiffs' actions sanctionable under Rule 11.

### III.   CONCLUSION

Accordingly, based upon a thorough review of the pending Motion, the Response, Reply, and the court file, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Rule 11 Sanctions [D.E. 14] is **DENIED.**

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 24th day of October, 2006.

_____
EDWIN G. TORRES
United States Magistrate Judge

cc:   The Honorable William P. Dimitrouleas

William N. Charouhis, Esq.
Linda J. Ehrlich, Esq.